UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re Victor Manuel Ferreira Hernandez                              **Case No. 18-40401**

                       Debtor.                **Chapter 13**
-------------------------------------------------------------------X

Victor Manuel Ferreira Hernandez,

                       Plaintiff,                Adv. Proc. No.

-against-

John Latora, David Schwartz, John Doe 1, John Doe 2,

                       Defendants.
-------------------------------------------------------------------X

## Complaint to Quiet Title

### NATURE OF ACTION

1. This is an action pursuant to Real Property Action and Proceedings Law ("RPAPL") and common law to quiet title to property situated at 1127 Putnam Avenue, Brooklyn, NY also known as 1146 Bushwick Avenue, Brooklyn, NY ("Subject Property"), which Defendants claim an interest in, adverse to that of Plaintiff.

### JURISDICTION

2. Jurisdiction is founded upon 28 U.S.C. §§ 1334(b). This is a proceeding arising in or related to a case under Title 11 of the United States Code.

3. This is a core proceeding under 28 U.S.C. § 157.

### PARTIES

4. Plaintiff, Victor Ferreira, is an individual residing in Kings County, New York.

5. Defendant, John Latora, is an individual residing in Kings County, New York, who has an executed contract of sale for the purchase of the Subject Property.

6. Upon information and belief, Defendant, David Schwartz, is an individual residing in Litchfield, Connecticut, who purports to have an executed contract of sale for the Subject Property.

7. Defendant, John Doe 1, is an individual interested in purchasing the Subject Property, who was represented by Charles R. Cuneo, Esq., and may have an executed contract of sale to purchase the Subject Property.

8. Defendant, John Doe 2, is any individual claiming an interest to title of the Subject Property.

## STATEMENT OF CLAIM

9. Plaintiff owns, in fee simple, real property located in Kings County, New York, situated at 1127 Putnam Avenue, Brooklyn, New York also known as 1146 Bushwick Avenue, Brooklyn, NY.

10. In or about February 2004, Plaintiff and Defendant Latora executed a contract of sale for the Subject Property at a purchase price of $460,000 with a down payment of $46,000.

11. At the closing, several months later, Defendant Latora appeared with no funds to close the transaction, but instead requested that Plaintiff transfer the deed to him to facilitate his financing efforts.

12. Plaintiff refused, and the closing was cancelled.

13. Thereafter, Plaintiff attempted to refund Defendant Latora's down payment, but Defendant Latora refused to accept it and insisted that the contract was still in full force and effect.

14. In 2005, Defendant Latora commenced an action for specific performance in *LaTora v. Ferreira,* Index No. 20462/2005.

15. The Court granted Latora's motion for specific performance, and Plaintiff appealed.

16. On January 23, 2013, the Appellate Court reversed the decision and dismissed Latora's specific performance claim. *Latora v. Ferreira*, 102 A.D.3d 838 (2013).

17. In the interim, before the Appellate Decision was issued, the Lower Court judge issued an order directing the sheriff to convey title to Latora in exchange for the purchase price of $460,000.

18. The sheriff executed the deed, dated June 11, 2012 and record it on December 4, 2012 with the Office of the City Registrar, CFRN2012000475228.

19. Defendant Latora, however, did not deliver or even tender the purchase price.

20. Accordingly, Latora received title to the property without paying the sales price.

21. Moreover, the Appellate Decision invalidated any conveyance taken under the specific performance order to Defendant, which should've included the June sheriff's deed.

22. Although the parties have acted accordingly—Plaintiff remains in possession of the Property—no reconveyance back to Plaintiff has occurred.

23. On or about November 13, 2014, Defendant Schwartz, who is unrelated to Latora, recorded a contract of sale for the Subject Property, dated August 8, 2012.

24. This contract of sale was allegedly executed on behalf of Plaintiff, through power of attorney given to Robert Thomas in 2004.

25. Plaintiff does not know who Robert Thomas is, has never knowingly given power of attorney to a Robert Thomas, and has never authorized a sale of his property to Defendant Schwartz.

26. Defendant, John Doe 1, also claims an executory contract of sale for the purchase of the Subject Property, that is being avoided by Debtor in the underlying bankruptcy action.

## CLAIMS

### FIRST CLAIM FOR RELIEF

(Common Law – Quiet Title)

27. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth therein.

28. Plaintiff is in actual possession of the subject Property.

29. Each claim by the Defendants that interferes with Plaintiff's interest is void.

30. Moreover, the sheriff's deed that transferred title to Defendant Latora, divesting Plaintiff of his titled interest, is invalid since Latora did not pay the purchase price, as required by the contract of sale and by Court Order, dated April 18, 2012.

31. The sheriff's deed is also invalid pursuant to the Appellate Decision reversing the Lower Court's order granting specific performance.

### SECOND CLAIM FOR RELIEF

(RPAPL Article 15 – Quiet Title)

32. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth therein.

33. This action is brought pursuant to RPAPL 1501(1), to compel to claims against the Subject Property.

34. Plaintiff acquired his interest in the Subject Property through a deed from the City of New York in 1985.

35. Defendants claimed interest through sheriff's deed and/or contracts of sale is adverse to Plaintiff's interest.

36. While Defendant Latora is known to Plaintiff personally, Defendants Schwartz and "Doe" are not known to Plaintiff.

37. Plaintiff is not aware of any other persons that would be impacted by a judgment in this action or with a claimed interest in title to this property.

## RELIEF

38. WHEREFORE, Plaintiff respectfully requests that this Court a) declare that any party whose interest in the Subject Property contrary to that of Plaintiff be adjudged invalid; b) find that all Defendants along with every person claiming under them be forever barred from asserting such claim; c) direct that Plaintiff is the owner in fee simple, entitled to the quiet and peaceful possession of the Subject Property; d) award cost and attorney's fees in this action; and e) for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       February 2, 2018

By: /s/ Nnenna Onua
Nnenna Onua, Esq.
McKinley Onua & Associates, PLLC
Attorney for Plaintiff
26 Court Street, Suite 300
Brooklyn, New York 11201
(718) 522-0236
(718) 701-8309 (*fax*)